UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK         CASE NO.

---

ZINOVIY LEVITANT

                      Plaintiff,

   -against-

CITY OF NEW YORK
OFFICE OF
ADMINISTRATIVE HEARINGS AND TRIALS (OATH)
OATH ADMINISTRATIVE LAW JUDGE TYNIA RICHARDS
   In her Official and Individual Capacity
CHIEF ADMINISTRATIVE LAW JUDGE OF OATH
   ROBERTO VELEZ, in his Official and Individual
Capacity.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZINOVIY LEVITANT, by and through his undersigned counsel, as and for his Complaint in this action, hereby alleges as follows:

### NATURE OF THE CLAIMS

1.    This is an action for monetary damages and equitable relief to redress Defendants' unlawful violation of 14th Amendment right to Due Process, violation of 42.U.S.C. 1983 based on impairment of right to privacy, improper disclosure of confidential health and workers compensation records arising from disclosure to the public of records and decisions of the City of New York Office of Administrative Hearings and Appeals ( hereinafter "OATH" ) by the Agency itself,

1

impairment of due process rights by Administrative Law Judge Tynia Richards acting in her official and individual capacities, and by Chief Administrative Law Judge Roberto Velez, acting in his official and individual capacities.

2. The Plaintiff's causes of action arise from a proceeding brought by his employer the City of New York Human Resources Administration, to terminate him for alleged disciplinary infractions. The disciplinary action was heard by the Defendant City of New York Office of Administrative Trials and Hearings. During the Course of said hearings, the ALJ designated by the agency, ALJ Tynia Richards, permitted the employer City of New York Human Resources Administration, through its counsel Hilit Kroman to disclose and place on the Record of the OATH hearing, confidential health information pertaining to Plaintiff's pending workers compensation claims, including diagnoses, medical treatment. ALJ Tynia Richards incorporated this information in a publicly issued decision which remains on the Agency's web site and is accessible to the public. Plaintiff's OATH decision has, moreover, been cited in subsequent decision, increasing the likelihood of further disclosure of personal information in an unredacted manner. Moreover the administrative record is available to the public at the OATH office. Chief Judge Roberto Velez as Chief Judge is liable to the plaintiff as the official responsible for OATH policy to release unredacted personal

2

medical information. Plaintiff's right to privacy is impaired by the continued publication of personal information which is permanently accessible to the public.

3. The Defendants did not redact or seal portions of the record which contained personal information.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 USC § 1331 and § 1343 as this action involves federal questions regarding the deprivation of plaintiff's Due process rights under 42 USC 1983 et seq. and deprivation of rights of privacy. The Court has supplemental jurisdiction over the Plaintiff's related claims under state law pursuant to 28 USC § 1367 (a).

5. Venue is proper in this district because the City of New York is an entity located in New York County and venue in this District is proper.

6. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7. Plaintiff is a 62 year old individual who resides in Brooklyn, Kings County and has worked for the defendant City of New York and was claiming Workers Compensation from them as a self insured employer under WCL § 50. He meets the definition of an employee and a qualified individual with a disability under all the applicable statutes.

8. During the Course of his employment, he was subjected to several disciplinary actions by his then employer, the City of New York Human Resources Administration. These proceedings culminated in an administrative proceeding before the City's designated agency to conduct administrative hearing for employee discipline, OATH. OATH scheduled hearings on October 30, 2006 and October 31, 2006 on the same day that Plaintiff was scheduled to appear as a union delegate at a hearing on a charge of improper practice by the City's Office of Collective Bargaining (OCB). Plaintiff informed ALJ Richards that he could not appear, and Plaintiff's attorney from his union DC 37 did the same. Notwithstanding the acknowledgment that Plaintiff could not appear, the ALJ proceeded with the administrative hearing in his absence. Plaintiff did not become aware that the decision contained unredacted personal information until recently.

9. The City of New York is a municipal corporation organized under the laws of the State of New York and for the purposes of the workers compensation law is a self insured entity obligated to pay workers compensation and medical benefits under that law. The City of New York is a local government / state act or for the purposes of Section 1983.

10. The Defendant OATH is a City agency charged with conducting disciplinary hearings. OATH is a state actor for the purposes of 42 USC 1983.

11. The Defendant Tynia Richards was an Administrative Law Judge who conducted a hearing at which the Plaintiff's personal information was disclosed. Defendant Richards is being sued in her official and individual capacity. Richards is a state actor for the purposes of 42 U.S.C. 1983.

12. Defendant Roberto Velez was Chief Judge at OATH and responsible for policy of issuing decisions with identified names and personal information. Defendant Velez is being sued in his official and individual capacities

### AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF 42 USC 1983.

13. Plaintiff repeats and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

14. Defendants NYC OATH, ALJ Richards and Chief Judge Velez acted to deprive the plaintiff of due process in violation of 42 USC 1983 in the disclosure of his personal information without his consent, not only on the date of issuance of the original decision but on its continued disclosure to the public. The Defendants' failure to redact Plaintiff's OATH decision to delete the references to his workers' compensation claim, IME report and the actual WCB Case Number was a due process violation (Pg. 20-23 of the report of ALJ Richards). ALJ Richards adjudicated a charge of being AWOL as a result of Plaintiff's failure to appear for an IME appointment scheduled by t\his employer in conjunction with

5

his claim for absence. ALJ Richards disclosed the WCB Case No, the IME name and the dates of absence. The public decision of OATH did not redact those records. Further the actual file including the medical reports themselves is accessible to the public at the OATH offices. ALJ Report refers to specific conditions and pages in the Transcript where such medical conditions are discussed.

16. Defendants failed to redact the publicly filed decision with references to the Plaintiff's workers compensation claim, the date and name of IME. The transcript accessible at the OATH office contains the transcript wherein the plaintiff's injuries were reviewed and considered by ALJ Richards. Unlike Plaintiff's own workers compensation records, which are not accessible absent authorization, OATH disclosed the claim number date of injury and absences.

17. Defendants failed to seek or obtain Plaintiff's consent to disclose this information OATH records, did not place them under seal, referenced the Plaintiffs actual medical evidence.

18. Defendants practice of disclosing personal confidential medical information without his consent violated a due process right to the privacy of his medical information.

19. Defendants were state actors within the meaning of 42 U.S.C. § 1983. Acting in their official and individual capacities the ALJ, issuing the decision and

6

disclosing Plaintiff's personal information violated rights to privacy without due process.

20. Plaintiff has sustained damages in the amount of $5,000,000.00 as a result of the disclosure of personal information.

### AS AND FOR A SECOND CAUSE OF ACTION UNDER MONELL FOR VIOLATION OF 42 USC 1983.

21. Plaintiff repeats and re alleges each and every allegation in the preceding paragraphs as though fully set forth herein.

22. At all times relevant to the complaint herein, the defendant municipality, CITY OF NEW YORK OATH had de facto policies, practices, customs and usages, including but not limited to the improper disclosure of unredacted personal health information, workers' compensation information and inadequate supervision of the privacy of the Respondent's personal information which was a direct and proximate cause of the unconstitutional conduct alleged herein.

23. At all times relevant to the complaint herein, defendant CITY OF NEW YORK, OATH failed to properly train, screen, supervise or discipline its employees, including individual defendants named herein and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individual defendants.

24. The policies, practices, customs and usages and the failure to properly train, screen, supervise or discipline were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution.

25. As a result of the foregoing, the Plaintiff suffered physical injury, emotional distress and was otherwise damaged and injured.

26. Plaintiff has been damaged in his right to privacy in the amount of $5,000,000.00 Five Million Dollars.

## JURY DEMAND

27. Plaintiff demands a trial by jury in this action on each and every claim for damage and injury to constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants individually and jointly and prays for relief as follows:

i) On the First Cause of Action, actual and punitive damages in the amount of $5,000,000.00 or an amount to be determined at trial

ii) On the Second Cause of Action, actual and punitive damages in the amount of $5,000,000.00 or an amount to be determined at trial.

iii) Statutory attorney's fees and disbursements pursuant to 42 U.S.C. § 1983, and costs of this action and

iv) Such other relief as the Court deems just and proper.

Dated: New York, New York
July 25, 2018

Respectfully submitted

By: *Joel M. Gluck*
JOEL M. GLUCK
Attorney for Plaintiff
305 Broadway Suite 1427
New York, N.Y. 10007
(212) 323 -7432
Fax (718) 852-0185

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Case No.

---

ZINOVIY LEVITANT

                                    **Plaintiffs,**

    -against-

**CITY OF NEW YORK**
**OFFICE OF ADMINISTRATIVE HEARINGS AND TRIALS**
**OATH ADMINISTRATIVE LAW JUDGE TYNIA RICHARDS**
  In her Official and Individual Capacities
**CHIEF ADMINISTRATIVE LAW JUDGE OF OATH**
**ROBERTO VELEZ, In his Official and Individual Capacities**


                                    **Defendants.**

---

## COMPLAINT

---

### LAW OFFICES OF JOEL M. GLUCK
Attorneys for Plaintiff
305 Broadway Suite 1427
New York NY 10007
Telephone: 212 323-7432

---

Pursuant to 22 NYCRR130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.
Dated: July 25, 2018

                                              *[signature]*
                                          Joel M. Gluck

---

**PLEASE TAKE NOTICE:**
**[ ] NOTICE OF ENTRY**
that the within is a *true copy of a*n         duly entered in the office of the clerk of the within name court on 200 .

**[ ] NOTICE OF SETTLEMENT**
that the order of which the within is a true copy will be presented for settlement to the HON.    one
of the judges of the within named Court, at         on at 9:30 a.m.

Dated: BROOKLYN, NY